# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2020

Lyle W. Cayce
Clerk

No. 19-40779
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO DANIEL SERRANO-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1266-2

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Sergio Daniel Serrano-Lopez challenges his 40-month sentence for aiding and abetting the smuggling of defense articles from the United States. That sentence includes a slight downward departure based on family ties and responsibilities (U.S.S.G. § 5H1.6, p.s.) and offender circumstances not ordinarily relevant but deemed exceptional in the defendant's case (U.S.S.G. 5K2.0(a)(4)). On appeal, Serrano-Lopez argues that he should have received a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40779

more substantial departure on the ground that the State Department has proposed that below .50 caliber ammunition and magazines be removed from the United States Munitions List.

We have jurisdiction to review a district court's decision not to depart downward from the applicable guidelines range only if the district court based its decision on a mistaken belief that it lacked the authority to depart. *See United States v. Sam*, 467 F. 3d 857, 861 (5th Cir. 2006). Recognizing this limited path for challenging a refusal to depart, Serrano-Lopez contends that the district court believed that it lacked authority to depart based on a possible future change in the law. But he has not demonstrated that the district court held such an erroneous belief. Nothing in the record indicates that the district court wished to grant Serrano-Lopez a downward departure pursuant to § 2M5.2 or § 5K2.0(a) based on the State Department's proposed rule change, but mistakenly believed it could not. Rather, the record reflects that the district court did not believe a further departure was warranted under the facts and circumstances of the case. We therefore may not consider any argument challenging the district court's decision to deny Serrano-Lopez's request for a downward departure. *See Sam*, 467 F.3d at 861.

Accordingly, the appeal is DISMISSED for lack of jurisdiction.